

FILED

MAR 3 1 2015

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| CINDY LYNN DUNCAN, | **1:14-CV-01001-CBK** |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | **ON SOCIAL SECURITY APPEAL** |
| Defendant. | |

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim for disability insurance benefits. I have conducted a *de novo* review of the record. I find that the Commissioner's decision is supported by substantial evidence on the record as a whole.

## BACKGROUND

Plaintiff Cindy Duncan was born in 1957 and has a history of poor physical health. In 2000, she was comatose and hospitalized. She has had a lumbar laminectomy and discectomy. Unfortunately, her medical care for quite some time was poor, at best. She routinely went to "cash clinics" where the treatments were abysmal. Several of her treatment records are of little use, as they contain little more than weight or blood pressure. One of her health care providers had patients sign a waiver acknowledging that the provider did not have medical malpractice insurance. Her later medical history is a bit more complete, including a visit to Doctor Villamagna in St. Petersburg, Florida, where he wrote that "klonopin has been helpful for 12 years ... (it) allows her to work and perform duties as telemarketer (sic), no dizziness, no transient involuntary movements." Much of the plaintiff's medical history seems to contradict itself, but more recent examinations indicate fewer problems with the defendant's health.

The plaintiff filed a Title II application for a period of disability and disability insurance benefits on July 8, 2010. The plaintiff also filed a Title XVI application for supplemental security income on July 8, 2010. In both applications, the plaintiff alleged disability beginning on May 1, 2009. Both claims were initially denied in November, 2010, and again in December,

2010.  Plaintiff then filed a written request for a hearing, which was subsequently held on May 17, 2012, in Florida.  The Administrative Law Judge ("ALJ") that conducted the hearing found that the plaintiff had not been under a disability (within the meaning of the Social Security Act) from May, 1, 2009 through the present.  The plaintiff timely filed this present action on January 21, 2014, after exhausting all administrative remedies.  Plaintiff contends the ALJ erred by applying an incorrect standard of law to support his findings and that the decision reached is not supported by substantial evidence.  This Court has jurisdiction pursuant to 42 U.S.C. §405(g) and 42 U.S.C. § 1383(c)(3).

## DECISION

An individual is considered to be disabled if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual shall be determined to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

"To be eligible for disability insurance benefits, a claimant has the burden of establishing the existence of a disability under the Act."  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).  Judicial review of the Commissioner's decision that claimant has failed to establish by a preponderance of the evidence that she is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole.  Kamann v. Colvin, 721 F.3d 945, 950 (8th Cir. 2013).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  Kamann v. Colvin, 721 F.3d at 950 (*quoting* Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir.1998)).  "We consider both evidence that detracts from the ALJ's decision, as well as evidence that supports it, but we will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ."  McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (internal citations omitted).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

The ALJ used the familiar five-step sequential evaluation to determine disability:

> In step one, the ALJ decides whether the claimant is currently engaging in substantial gainful activity; if the claimant is working, [she] is not eligible for disability insurance benefits.  In step two, the ALJ determines whether the claimant is suffering from a severe impairment.  If the claimant is not suffering a severe impairment, [she] is not eligible for disability insurance benefits.  At the third step, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in Appendix 1 of the regulations (the "listings").  If the claimant's impairment meets or equals one of the listed impairments, [she] is entitled to benefits; if not, the ALJ proceeds to step four.  At step four, the ALJ determines whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work.  If the claimant remains able to perform that past relevant work, [she] is not entitled to disability insurance benefits.  If [she] is not capable of performing past relevant work, the ALJ proceeds to step five and considers whether there exist work opportunities in the national economy that the claimant can perform given his or her medical impairments, age, education, past work experience, and RFC.  If the Commissioner demonstrates that such work exists, the claimant is not entitled to disability insurance benefits.

McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011) (internal C.F.R. citations omitted).

The ALJ used the five-step sequential evaluation from McCoy.  He found that the plaintiff had not engaged in substantial gainful activity since May 1, 2009, which was the alleged onset date of the plaintiff's disability.  He found that the claimant had the following severe impairments: degenerative disc disease, obesity, and tremors, stating that "they are more than slight abnormalities that have more than a minimal effect on the claimant's ability to perform basic work activities."  The ALJ determined that those impairments, either standing alone or combined, did not meet the severity requirements of 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 4041526, 416.920(d), 416.925 and 416.926).  As such, the ALJ found that the plaintiff had the residual functional capacity to perform light work, noting "...claimant [is] able to lift 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours per day, and sit for six hours per day.  However, the claimant is unable to climb ladders, ropes, or scaffolds.  The claimant is able to balance, stoop, kneel, crouch, crawl, and climb ramps or stairs frequently.  The claimant must avoid vibration, hazardous machinery, and heights."  He found the plaintiff capable of returning to her past work as a telemarketer.  Due to his finding in step four, the ALJ was not required to proceed to step five.  Plaintiff claims the ALJ committed reversible error by (1) failing to order a psychological consultative examination, (2) failing to find a mental impairment "severe," (3) failing to assess credibility in accordance with legal criteria, and (4) failing to properly conduct a "residual functional capacity" assessment.

### 1. Failure to Order a Psychological Consultative Examination

Plaintiff contends that the ALJ erred by failing to develop neuropsychological or psychological evidence, primarily by failing to order a psychological consultative examination ("CE"). The record shows that plaintiff's prior counsel made both a written and an oral request for a psychological CE, and those requests were denied after a hearing, based on an examination performed by Doctor Rabinowitz and a telephonic conversation the plaintiff had with a Disability Determination Services employee. Defendant argues that the ALJ properly developed the record regarding the necessity of ordering a psychological CE.

It is reversible error for an ALJ to not order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision. Dozier v. Heckler, 754 F.2d 274 (8th Cir. 1985). The regulations provide that if a claimant's medical sources cannot give sufficient medical evidence about her impairment for the ALJ to determine whether the claimant is disabled, a consultative examination may be provided at government expense. 20 CFR §416.917.

Plaintiff was given a consultative examination by Dr. Rabinowitz. This was not a psychological CE, but a general one. The doctor determined that the plaintiff's speech and communication were clear, she was oriented, her memory intact, and behavior during the examination was appropriate. Based in part on this examination, the ALJ determined that further evaluation was unnecessary. The other reason for the ALJ's decision to not order a psychological CE was a telephone conversation with a Disability Determination Services employee, who talked with the plaintiff. During the conversation, the plaintiff reported that she lived alone, showered, brushed her hair and teeth, read the newspaper, prepared meals and had no difficulty using the oven, remembered to take her medication, and was able to attend to normal household responsibilities.

Plaintiff argues that the failure to order a psychological CE violates both case and statutory law. Plaintiff cites 20 CFR § 404.1503(e), which holds:

> An initial determination by a State agency...that you are not disabled... in any case where there is evidence which indicates the existence of a mental impairment, will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

4

Agency interpretation of statutory authority warrants deference under Skidmore v. Swift & Co, 323 U.S. 134 (1944). Skidmore deference holds that an agency's interpretation of the statute it is charged with implementing may "merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency, and given the value of uniformity in its administrative and judicial understandings of what a national law requires." United States v. Mead Corp., 533 U.S. 218 (2001) (quoting Skidmore, 323 U.S. at 139). The law requires that the ALJ may order a psychological consultative examination if the claimant's medical sources cannot provide sufficient medical evidence. In this case, the ALJ determined that the medical sources did provide sufficient medical evidence. This Court finds that determination to be proper. The ALJ based his decision to deny a psychological consultative examination on the consultative examination performed by Dr. Rabinowitz, the telephone conversation with the DDS employee, and what the ALJ witnessed during the hearing held with the plaintiff. As such, the Commissioner's decision is supported by substantial evidence, and the denial for a psychological consultative examination is not reversible error.

## 2. **Failure to Identify a Severe Mental Impairment**

Plaintiff next contends the ALJ erred by failing to identify a "severe" impairment at step two of the sequential evaluation. An impairment is "non-severe" if it does not "significantly limit" the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs, including (1) physical functions such as walking, sitting, lifting, or pulling; (2) capacities for seeing, hearing and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(a).

The ALJ found that the plaintiff's degenerative disc disease, obesity, and tremors qualified as "severe" impairments because they were more than slight abnormalities and had more than a minimal effect on the plaintiff's ability to perform basic work activities. The regulations require only that a claimant establish at least one severe impairment to avoid a denial of benefits at step two of the five-step sequential evaluation. 20 C.F.R. §§404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ did so and proceeded to step three. The purpose of step two is to not conclusively evaluate the severity of each individual impairment, but assist in the administrative process by weeding out individuals who cannot possibly meet the statutory definition of

5

disability. Bowen v. Yuckert, 482 U.S. 137 (1987). The ALJ found at least several ailments "severe" and proceeded to step three. The plaintiff's argument focuses on the credibility of the ALJ's finding, but that is not a reversible error at this step. The credibility assessment will be discussed below.

### 3.  Failure to Asses Credibility in Accordance to Legal Criteria

Plaintiff contends that the ALJ failed to assess the credibility of the plaintiff's ailments in accordance with legal criteria and the substantial evidence standard. The ALJ found that the plaintiff was credible as to the existence of her symptoms but found that she was not credible regarding the severity of them because they were not supported by the medical evidence of record.

In evaluating subjective complaints, the ALJ must consider objective medical evidence, any evidence relating to a claimant's daily activities, duration, frequency and intensity of pain, dosage and effectiveness of medication; precipitating and aggravating factors, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). In making his finding, an ALJ is not required to explicitly discuss all five factors. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

The ALJ in this case relied heavily on medical evidence. His reliance was proper in light of the fact that he also considered statements from the plaintiff as to her daily activities, the fact that she could drive a car, and attended her doctor appointments. The medical evidence showed that her symptoms were not always present, and when they were present they were controlled with medication. Moreover, the medical evidence from more recent examinations was consistent. This Court's job is not to find whether substantial evidence exists to reverse the ALJ, but rather, whether substantial evidence supports the ALJ's decision. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). There is substantial evidence to support the ALJ's decision, and, therefore, there is not reversible error.

### 4.  Whether the RFC Failed to Comply with Legal Criteria

The plaintiff contends the ALJ erred in determining her residual functional capacity. A claimant's residual functional capacity ("RFC") is what she can still do despite her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). An ALJ assesses the claimant's RFC based on all the relevant record evidence. Krogmeier v. Barnhart, 294 F.3d 1019 (8th Cir. 2002). The 8th

Circuit has held that the RFC is a medical question and some medical evidence must support the determination of the RFC. Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003).

The ALJ ultimately determined that the plaintiff retained the RFC to perform a reduced range of light work. The plaintiff could lift twenty pounds occasionally and ten pounds frequently; could stand or walk for six hours and sit for six hours in a workday; and could frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. The plaintiff could not climb ladders, ropes, scaffolds, and needed to avoid vibration, hazardous machinery, and heights. The ALJ based his decision on the medical evidence of record and opinion evidence. The ALJ determined that the plaintiff could perform her past relevant work as a telemarketer. The evidence supports the ALJ's decision in properly determining the plaintiff's RFC. There was no reversible error.

## CONCLUSION

I find that the Commissioner's decision is supported by substantial evidence on the record as a whole. Accordingly,

IT IS ORDERED:

1) The plaintiff's motion (Doc. 11) for Reversal and Remand to Commissioner is denied.

2) The final administrative decision to the effect that the claimant is not eligible for benefits under the Social Security Act is affirmed.

DATED this 31st day of March, 2015.

BY THE COURT

CHARLES B. KORNMANN
United States District Judge

7